IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GLENN A. IVY, PLAINTIFF

V. NO. 4:05CV36-WAP-EMB

JODY BRADLY, HENRY HOLIDAY,
DELMER MAXWELL & DWAYNE TAYLOR, DEFENDANTS

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Glenn A. Ivy, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined at Delta Correctional Facility. He claims he was assaulted and seriously injured by another inmate on August 16, 2004, outside of a dormitory, because he had reported that inmates were smoking in areas that were not designated for smoking. Plaintiff claims that from April 2004 to August 2004 pieces of asphalt were left lying on the pathway from the dormitory to the Support and Administration Buildings. Plaintiff alleges that the unknown inmate used a piece of this asphalt as a weapon during the attack. Plaintiff further states no officer was present on the yard to supervise inmates during the time of the attack.

At the *Spears* hearing, plaintiff testified he was struck several times by the unknown assailant and knocked unconscious. He further testified he had not had any problems with any inmates before the attack.

Prison officials have a duty to protect prisoners from violence by other inmates. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To establish a failure to protect claim under § 1983,

plaintiff must show that "he . . . [was] . . . incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F .3d 530, 533 (5th Cir.1995). A prison official cannot be found liable in his individual capacity for denying an inmate humane conditions of confinement unless the plaintiff can show the official was aware of facts from which the inference could be drawn that a substantial risk of harm existed and that he drew the inference. *Downey v. Denton County*, 119 F 3d 381, 385 (5th Cir.1997); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Based on the foregoing, plaintiff has failed to sufficiently allege facts which indicate that any defendant knew that a substantial risk to his safety existed. Indeed, his allegations show that the attack was an isolated incident. Therefore, it is recommended that the Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 15th day of April, 2005.

                                              **/s/ Eugene M. Bogen**
                                                **U. S. MAGISTRATE JUDGE**